FILED
2019 Jan-23  PM 05:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **SAMANTHA MALONE, et al.** | ) | |
| | ) | |
| **Plaintiffs** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **v.** | ) | **5:16-cv-00483-LCB** |
| | ) | |
| **CITY OF DECATUR, ALABAMA, et al.** | ) | |
| **A Municipality** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT CITY OF DECATUR, ALABAMA'S MOTION FOR BIFURCATION OF DISCOVERY

Plaintiffs [Samantha Malone, Holly Kimmons, Mark Bledsoe, Andy Fennell and Travis Mosely] submit its Memorandum in Opposition to Defendant City of Decatur, Alabama's Motion to Bifurcate Discovery.

## Introduction

The instant case is a putative class action brought by Plaintiffs against, *inter alia*, Defendant City of Decatur, Alabama [hereinafter "City"] pursuant to the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and the state law claim of false imprisonment.  Specifically, the Plaintiffs allege that the City participated in a scheme to extort money from them and other impoverished individuals under threat of jail, thereby, misusing the criminal justice system and

probation process for profit. [Doc.#41: ¶1].

On October 18, 2018, the parties participated in a Rule 26(f) planning conference to discuss a discovery schedule and the efficacy of bifurcation of discovery into a merits phase and a class phase. While the parties were able to agree on bifurcation, they could not reach a consensus on the order in which the phases should occur. To wit, the City of Decatur wants the Court to restrict discovery to the Plaintiffs' individual claims ["Phase I"] which would then be followed by motions for summary judgment. If the motions for summary judgment are not successful, the parties would then move to class discovery ["Phase II"]. After the planning conference the Plaintiffs served the Defendants with Initial Disclosures that contained the names and addresses of 140 putative class members who are similarly situated to the named plaintiffs. [Ex. A: Initial Disclosures].

The City insists that proceeding in this fashion is proper because it has strong defenses to the named Plaintiffs' individual claims that will result in dismissal at the pleading stage or at summary judgment. [Doc.#85: ¶3]. Put simply, the City's proposal is, by its own admission, a ploy to prevent the Court from ever reaching the question of class certification. That is why Defendant's Motion For Bifurcation of Discovery is in effect a request that the class determination be postponed to never as the City intends to obtain a judgment on the pleadings or summary judgment on the

named plaintiffs.

As stated in their motion, "Indeed, the City plans to file a motion for judgment on the pleading at an early stage of this case seeking dismissal of this case based on the complaint and answer on file.   In addition, **if** discovery proceeds the City anticipates a summary judgment filing" (emphasis added on "if"). [Doc. 85, pg. 3, ¶3].  Previously, the City filed a Motion to Dismiss based on the amended complaint. The Court denied the motion to dismiss as to the City. [Doc. 85].   The next step in the case is not another motion to dismiss based on the second complaint.

Instead, discovery on whether the case can proceed as a class action is appropriate. *Chi China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1807, 201 L. Ed. 2d 123 (2018) calls for more class discovery, not no class discovery, as the city proposes. In explaining the changes to Rule 23 (c), the Supreme Court stated:

> The alteration was made to allow greater leeway, more time for class discovery, and additional time to "explore designation of class counsel and consider "additional [class counsel] applications rather than deny class certification," thus "afford[ing] the best possible representation for the class." Advisory Committee's 2003 Note on subds. (c)(1)(A) and (g)(2)(A) of Fed. Rule Civ. Proc. 23, 28 U.S.C. App., pp. 815, 818; see Willging & Lee, From Class Actions to Multidistrict Consolidations: Aggregate Mass-Tort Litigation after Ortiz, 58 U. Kan. L. Rev. 775, 785 (2010) (2003 amendments "raised the standard for certifying a class from an early, conditional ruling to a later, relatively final decision" and "expand[ed] the opportunity for parties to engage

in discovery prior to moving for class certification"). *China Agritech, Inc. v. Resh,* at 1807.

The City of Decatur takes the approach that if the named Plaintiffs cannot be class representatives, the case is over. The assumption is wrong. The Plaintiffs disclosed 140 persons challenging the same conduct. *True Health Chiropractic Inc v. McKesson Corp.,* No. 13-CV-02219-JST, 2015 WL 273188, at *3 (N.D. Cal. Jan. 20, 2015). Second, even if discovery proves that the named Plaintiffs should not represent the class, Defendants appear to assume that the case will be dismissed, and therefore that neither the parties nor the Court will have anything left to do in the case. See ECF No. 145 at 8 ("[I]f Plaintiffs do not fit into the definition of the class, then they cannot serve as class representatives and the class claims should be dismissed."). In reality, however, if the named Plaintiffs are found to not meet the class definition, Plaintiffs will likely seek to proceed with the case by finding other, adequate representatives.

Rather than promoting judicial efficiency, Defendant's proposal leads to an endless series of summary judgments complicating the matter for all involved. The City's proposal is the least efficient litigation solution and ignores that the case is filed as a class action, class discovery is appropriate. The Supreme Court emphasizes that the class decisions need to be made at the beginning of the case. With class

claims efficiency favors early assertion of competing class representative claims. If class treatment is appropriate, and all would-be representatives have come forward, the district court can select the best plaintiff with knowledge of the full array of potential class representatives and class counsel. And if the class mechanism is not a viable option for the claims, the decision denying certification will be made at the outset of the case, litigated once for all would-be class representatives. *China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1807, 201 L. Ed. 2d 123 (2018).

Class discovery and a determination of that issue saves all parties time. Thus, the Plaintiffs request a period of class discovery with a deadline set for the filing of a motion for class certification.

## I.  ARGUMENT

### A.    This Court Should Bifurcate Discovery into an Initial Class Certification  Phase and a Subsequent Merits Phase.

The parties agree that discovery in this case should be bifurcated, however, they disagree as to the order.  The City of Decatur asks this Court to initially limit discovery to issues surrounding the merits of the Plaintiffs' individual claims followed by motions for summary judgment, and broadening discovery to class certification issues only after the merits have been decided.  While bifurcation of class and merits discovery is common in complex class action cases, the order the

City of Decatur proposes is not.

First, Federal Rule of Civil Procedure 23(c)(1) directs the court to determine "at an early practicable time" whether to certify an action as a class action. The "early practicable time" is when the court has sufficient information to decide whether the action meets the certification criteria of Rules 23(a) and (b). "Practicality . . . must be judged on the basis of factors such as the detail in the pleadings, the amount of discovery pending and completed, the nature of the suit, fairness to the parties, and judicial efficiency." *Jones v. Diamond,* 519 F.2d 1090 (5th Cir. 1975). Thus, to make early class determination practicable in many cases and best serve the ends of fairness and efficiency, Courts direct parties to focus their initial discovery on matters pertaining to the class question. *See Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1570-71 (11th Cir.1992). Moreover, where the pleadings themselves do not conclusively show whether the requirements for class certification are met, the parties must be afforded the opportunity to discover and present evidence on the issue. *Walker v. World Tire Corp., Inc .,* 563 F.2d 918, 921 (8th Cir.1977); see also *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 895 (7th Cir.1981), cert. denied sub nom. *Joint Apprenticeship Comm. Local 130, U.A. v. Eggleston,* 455 U.S. 1017 (1982).

Second, the Eleventh Circuit has long recognized that "[t]o make early class

determination practicable and to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and **postpone** classwide discovery on the merits."[1] *Washington v. Brown & Williamson Tobacco,* 959 F.2d 1566, 1570-71 (11th Cir. 1992)(citing *Stewart v. Winter,* 669 F.2d 328, 331 (5th Cir. 1982)).  Indeed, as another federal district has explained "class determination is preferable before substantial discovery on the merits has been conducted" because such merits discovery can require immense commitments of time, money, and resources and involve numerous documents and records which would benefit no one when it could have been determined early on whether a class action was appropriate. *Karan v. Nabisco, Inc.,* 78 F.R.D. 388, 396 (W.D. Pa. 1978); *Rodriquez v. Banco Central,* 102 F.R.D. 897, 902 (D.P.R. 1984)(explaining that bifurcation where class discovery is undertaken first is preferable "in many cases" in order "to make early class determination practicable"and "to best serve the ends of fairness and efficiency")(citing *Walker v. World Tire Corp.,* 563 F.2d 918, 921 (8th Cir. 1977).

Third, the Manual for Complex Litigation (4th ed. 2004) observes that while Courts often bifurcate discovery between class certification and merits issues, they

---

[1] Federal Rule of Civil Procedure 23(c)(1)(A) states: "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."

too recognize that undertaking discovery only to the merits first delays the certification decision and may ultimately prove to be unnecessary.  Id., § 21.l4 at 256. The Manual recommends that the parties develop a specific and detailed pre-certification plan that addresses discovery to be undertaken and its materiality to the class certification decision first.  Id.

Fourth, bifurcation of discovery into class-certification and then merits is particularly appropriate where, as here, (i) class-certification discovery is easily segregated from merits discovery, and (ii) resolution of class issues will focus some or all of the Plaintiffs' claims.  Case law supports the proposition that discovery should be bifurcated with class certification discovery happening first. See *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1570-1571 (11th Cir. 1992) ("[t]o make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits"); *Stewart v. Winter,* 669 F.2d 328, 331 (5th Cir. 1982) ("we think it imperative that the district court be permitted to limit pre-certification discovery to evidence that, in its sound judgment, would be 'necessary or helpful' to the certification decision" (footnote omitted)); *Lake v. Unilever U.S., Inc.,* 964 F.Supp.2d 893 (N.D. Ill. 2013)(granting bifurcation in a case alleging damage from a hair care product where issues of numerosity, commonality,

and typicality required extensive discovery prior to discovery on the merits and therefore, "proceeding with merits discovery may delay the parties' submisssion of their briefs on the class certification issue"); *Harris v. comScore, Inc.,* 2012 WL 686709, at \*3 (N.D. Ill. Mar. 2, 2012)(granting bifurcation largely because proceeding with merits discovery "which may well involve the review of millions of documents not directly relevant to the issues of class certification, may delay the parties' submission of supplemental briefing on the class certification issue"); *Rodriguez v. Banco Central,* 102 F.R.D. 897, 902 (D.P.R. 1984) ("[t]he class determination is preferable before substantial discovery on the merits has been conducted"); *Karan v. Nabisco, Inc.,* 78 F.R.D. 388, 396 (W.D. Pa. 1978) ("class determination is preferable before substantial discovery on the merits has been conducted" since "discovery can require immense commitments of time, money and resources and involve innumerable documents and records").

These factors favor bifurcating discovery here with class certification discovery going forward while holding merits discovery in abeyance.

### 1.    Merits Discovery Should be Done Last

Federal Rule of Civil Procedure 23(c)(1)(A) envisions the addressing of class certification sooner rather than later, to that end this Court will have to resolve contested issues that are conceptually distinct and easily separated from merits issues.

9

However, they are not overly burdensome or difficult.  For example, two of the most critical factual questions determinative of class certification are: (i) whether there are issues of law and fact common to the entire class ( Fed.R.Civ.P. 23(a)(2) and (ii) whether Plaintiffs' claims are susceptible to class-wide proof, or whether, instead, individual legal or factual issues predominate (Fed.R.Civ.P. 23(b)(3).  Both of these questions can be efficiently explored and resolved through targeted discovery at the outset of this litigation.

Commonality will turn on whether the named Plaintiffs and the 140 other putative class members were "placed on Probation with PPS and were harassed by the Defendants and threatened by the Defendants with incarceration if they did not pay fines and fees of probation by certain deadlines or pay certain amounts."  This will require discovery of arrest records, probation records, jail records, etc. . . to ascertain whether there is a common thread that runs through these claims.  The question of predominance will require this Court to determine whether Plaintiffs' claims are susceptible to class-wide proof of whether due to individual differences in circumstances, this case would degenerate into an unmanageable set of mini-trials for individual plaintiffs on liability and damages.  Hereto, the inquiry would focus on documents reflective of the Plaintiffs' arrest, incarceration and probation records.

The City of Decatur wants to short-circuit this process by contending that it has

information that would impact whether the named Plaintiffs can serve as class representatives.  Thus, according to it, if the named Plaintiffs' individual claims fail they cannot serve as class representatives and thus a class action cannot be certified. In short, the City of Decatur is saying that because Plaintiffs' claims are doomed to fail, it should not be burdened with class wide discovery. This argument ignores the possibility that allowing Plaintiffs' class-wide discovery may allow them to uncover evidence necessary to defeat any motion(s) for summary judgment and could establish the elements required to certify a class.  Furthermore, 140 other putative class members have now been identified and, if the named Plaintiffs are found unsuitable to serve as class representatives, the Plaintiffs will seek to proceed with the case by finding adequate substitutes.  *True Health Chiropractic Inc v. McKesson Corporation,* 2015 WL 273188, *3 (2015)(dicta).

Also, contrary to the City of Decatur's assertion, the scope of merits discovery is likely to be much broader than that of class-certification discovery because, the parties will engage in significant deposition testimony from the named Plaintiffs, putative class members, and the Defendants' employees.  Thus, merits discovery will require the expenditure of far more resources than the more limited discovery needed for a full and fair evaluation of Plaintiffs' class certification motion.

11

Based on the foregoing facts, authority, and arguments, the Plaintiffs respectfully requests that the City of Decatur's Motion to Bifurcate Discovery insomuch that it seeks to first conduct merits discovery be denied.

Respectfully submitted,

/s/ Roderick T. Cooks
Byron R. Perkins, Esq.
Terrinell Lyons, Esq.
Lee D. Winston
Robert L. Wiggins
Counsel For Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
Financial Center
505 20th Street North
Suite 815
Birmingham, Alabama 35203
(205) 502-0970
(205) 278-5876 - Facsimile
E-mail: lwinston@winstoncooks.com
E-mail: rcooks@winstoncooks.com

PERKINS-LAW, LLC
Civic Center Medical Forum Building
950-22nd Street N., Suite 825
Birmingham, Alabama 35203
(o) (205) 558-4696
bperkins@perkins-law.com

LYONS LAW FIRM, INC.
612 South Court Street
Florence, AL 35630

terrinelllyons@aol.com

WIGGINS, PANTAZIS, FISHER & GOLDFARB, LLC
The Kress Building, 301 19th Street North
Birmingham, AL 35203
Tel:    (205) 314-500
Fax:   (205) 254-1500
rwiggins@wcqp.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered for electronic filing.

George W. Royer, Jr., Esq.

Brad A. Chynoweth, Esq.

Ryan A. Grayson, Esq.

Joseph Stott, Esq.

DONE this the **23rd** day of **January, 2019**.

Roderick T. Cooks
Of Counsel

13